IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.                                                                                          16-CR-65-LJV

JOSHUA ZAK,

                       Defendant.

## PLEA AGREEMENT

The defendant, JOSHUA ZAK, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to Count 1 of the Indictment which charges a violation of Title 18, United States Code, Section 2252A(a)(2)(A) [Receipt of Child Pornography] for which the mandatory minimum term of imprisonment is 5 years, and the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 for the offense of conviction pursuant to Title 18, United States Code, Section 3014.

3. The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the victim or victims' compensable losses as determined by the Court. The defendant understands that the defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

4. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

5. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## II.   ELEMENTS AND FACTUAL BASIS

6. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. the defendant knowingly received an image of child pornography;

   b. the image of child pornography had been shipped and transported in or affecting interstate or foreign commerce using any means or facility of interstate or foreign commerce, including by computer; and

   c. at the time the defendant received the image, he knew what he received constituted child pornography.

3

## FACTUAL BASIS

7.  The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. Between in or about February 2007 and in or about March 2015, the exact dates being unknown, in the Western District of New York, the defendant, JOSHUA ZAK, knowingly received more than 600 images of child pornography. These images and videos were stored on a Western Digital 320GB External HDD, Model No. WD3200H1U-00, bearing Serial No. WCARW2458683, a Hewlett-Packard Midtower CPU, Model Pavilion 500, bearing Serial No. 3CR35205TY, containing a 2 TB Seagate hard drive, bearing serial number W1E6K40P, a Gateway desktop computer, Model No. GM5084, bearing Serial No. XCM66R1001407 containing a 320 GB Western Digital hard drive, bearing serial number WCAMR2831350, and a Samsung Galaxy S3 cellular phone, Model SPH-L710, IMEI: 99000204444121.

   b. The defendant received the images by downloading them from the internet, which is a means of interstate and foreign commerce, onto the electronic media listed above. The defendant knew the images contained child pornography.

   c. Some of the child pornography possessed by the defendant depicted prepubescent minors or minors less than 12 years of age as well as sadistic or masochistic conduct or other depictions of violence which would have been painful to the child.

   d. On or about March 8, 2016, the defendant was charged by Criminal Complaint with possession of child pornography. On or about April 14, 2016, the defendant was released on a non-financial bond with a pretrial condition that he participate in the computer/internet monitoring program administered by the U.S. Probation Office, and provide the U.S. Probation Office advance notification of any computer, or connected device owned by the defendant. On or about November 4, 2016, the defendant was found in possession of an unauthorized Sony Playstation 4 (serial no. MB863005310); and Hewlett Packard laptop, model 15-ac121dx (serial no. CND5313YV5). On or about March 23, 2017, the defendant was found in possession of an unauthorized tablet computer, Kindle Fire tablet, (serial no. G0K0 H404 6025 036T) and refused to provide the device password to his probation officer. The tablet computer was later found to contain over 500 images of child pornography.

4

### III. SENTENCING GUIDELINES

8.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

9.  The government and the defendant agree that Guidelines § 2G2.2(a)(2) applies to the offense of conviction and provides for a base offense level of 22.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

10. The government and the defendant agree that the following specific offense characteristic do apply:

   a. The two level decrease pursuant to Guidelines §2G2.2(b)(1) [the defendant's conduct was limited to the receipt of material involving sexual exploitation of a minor and the defendant did not intend to traffic in, or distribute, such material];

   b. the two level increase pursuant to Guidelines § 2G2.2(b)(2) [material involved a prepubescent minor or a minor under the age of 12 years];

   c. the four level increase pursuant to Guidelines § 2G2.2(b)(4) [offense involved material that portrays sadistic, masochistic, or other depictions of violence];

   d. the two level increase pursuant to Guidelines § 2G2.2(b)(6) [offense involved use of a computer]; and

   e. the five level increase pursuant to Guidelines § 2G2.2(b)(7)(D) [offense involved 600 or more images].

## ADJUSTED OFFENSE LEVEL

11. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 33.

## ACCEPTANCE OF RESPONSIBILITY

12. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines. § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 30.

## CRIMINAL HISTORY CATEGORY

13. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

14. It is the understanding of the government and the defendant that, with a total offense level of **30** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **97-121** months, a fine of **$15,000 to $150,000**, and a

period of supervised release of at least **5 years and up to life.** Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

15.  The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

16.  The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

### IV.     STATUTE OF LIMITATIONS

17.  In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a

period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### V. GOVERNMENT RIGHTS AND RESERVATIONS

18. The defendant understands that the government has reserved the right to:

    a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

    b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

    d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

    e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

19. At sentencing, the government will move to dismiss the open counts of the Indictment in this action.

20. The parties agree that the defendant's plea of guilty herein also encompasses the defendant's possession of child pornography on or about March 23, 2017, and the

government agrees not to pursue criminal charges against the defendant for the possession or receipt of child pornography on March 23, 2017 found on the tablet computer as described above in Section II, Paragraph 7(f).

21. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.   APPEAL RIGHTS

22. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III ¶14, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

23. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

24. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III ¶14, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

### VII. FORFEITURE PROVISIONS COMPUTERS

25. The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct the defendant utilized the following computer equipment and other electronic media which were seized by law enforcement officials based upon the execution of a search warrant:

   a. One (1) Western Digital 320GB External HDD, Model No. WD3200H1U-00, bearing Serial No. WCARW2458683;

   b. One (1) Hewlett-Packard Midtower CPU, Model Pavilion 500, bearing Serial No. 3CR35205TY;

   c. One (1) Gateway desktop computer, Model No. GM5084, bearing Serial No. XCM66R1001407;

   d. One (1) Samsung Galaxy S3 cellular phone, Model SPH-L710, IMEI: 99000204444121;

   e. One (1) Kindle Fire tablet, bearing serial no. G0K0 H404 6025 036T;

26. Since the computer and related media were instrumentalities of the crime, the defendant specifically agrees to the forfeiture or abandonment of the computers and all of the components and related media to the United States pursuant to Title 18, U.S.C., § 2253,

will be referenced in the PRELIMINARY ORDER OF FORFEITURE, and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim.

27. The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the property referred to in this agreement.

28. After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as

satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

29.  The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets.  The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding.  The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

## VIII.  ABANDONMENT

30.  The defendant, JOSHUA ZAK, agrees to voluntarily abandon to the United States Probation Office an HP laptop, Model 15-ac121dx, serial number CND5313YV5 and a PlayStation 4, Model CUH-1215A, FCC ID AK8CUH120Z1, surrendered by the defendant on November 4, 2016, and waives any and all rights or interest which the defendant may still possess in said property or for which the defendant may have any claim. Defendant further agrees to the destruction of said property by the United States Probation Office.

## IX. TOTAL AGREEMENT AND AFFIRMATIONS

31. This plea agreement represents the total agreement between the defendant, JOSHUA ZAK, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
STEPHANIE LAMARQUE
Assistant United States Attorney

Dated: May 31, 2018

I have read this agreement, which consists of 13 pages. I have had a full opportunity to discuss this agreement with my attorney, BRIAN COMERFORD, AFPD I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____        _____
JOSHUA ZAK                              BRIAN COMERFORD, AFPD
Defendant                               Attorney for the Defendant

Dated: May 31, 2018                     Dated: May 31, 2018

13